**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 53121**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 29, 2026** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BELINDA ANNE HERRERA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of four years, for trafficking in methamphetamine, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Belinda Anne Herrera pled guilty to trafficking in methamphetamine, Idaho Code §§ 37-2732B(a)(4)(A).[1] In exchange for her guilty plea, an additional charge was dismissed. The district court imposed a unified term of ten years with four years determinate for trafficking in methamphetamine.[2] Herrera appeals, contending that her sentence is excessive.

_____

[1] Herrera also pled guilty to and was sentenced for misdemeanor driving under the influence; however, she does not challenge this conviction or sentence on appeal.

[2] This sentence was ordered to run concurrently with Herrera's misdemeanor sentence and "all other holds."

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Herrera's judgment of conviction and sentence are affirmed.